UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEORGE RISHER, LAMAR BUTLER, and
ZAQUAN RISHER,

                                     Plaintiffs,

       -against-

THE CITY OF NEW YORK; P.O. JIMMY
MALDONADO, SGT. VINCENZO DIMARTINO,
AND JOHN AND JANE DOE NEW YORK CITY
POLICE OFFICERS 1-10,

                              Defendants.
------------------------------------------------------------X

                               FIRST AMENDED
                               COMPLAINT
                               INDEX NO.:   1:18-cv-1732
                               (MKB)(SMG)

                               PLAINTIFFS DEMAND TRIAL
                               BY JURY

George Risher, Lamar Butler, and Zaquan Risher, (hereinafter "plaintiffs" unless otherwise

specified), by their attorney, Harold  C. Baker, Esq., complaining of the defendants herein,

respectfully shows to this Court, and alleges as follows:


## PRELIMINARY STATEMENT

     1.     This is an action for monetary damages (compensatory and punitive) against The

City of New York, (hereinafter "City of New York"), P.O. Jimmy Maldonado, Sergeant Vincenzo

DiMartino and John and Jane Doe New York City Police Officers 1-10, whose identities are

presently unknown, hereinafter "police officer defendants;" who are police officers and employees

of the New York City Police Department, (hereinafter "the NYPD"), and/or supervisors who

participated in the wrongful seizure, assault, arrest, strip search and detention of plaintiffs, arising

out of the false arrest, assault, battery, filing of false reports regarding, and false imprisonment of

1

plaintiffs and also arising out of the defendants' failure to intervene and prevent the wrongful

assault, seizure, search and arrest of plaintiffs.

2.      It is alleged that on December 23, 2016 at approximately 7:40 p.m., the police

officer defendants, employees of the City of New York, individually and as supervisory

employee(s) of the NYPD, and as agents, servants and/or employees of the NYPD, acting in

concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia,

wrongful and unlawful entry into 456 Dekalb Avenue, Apartment 6F, Brooklyn, NY 11205,

wrongful and false seizure, search and arrest, false imprisonment, detention, assault, strip search,

battery, and the filing of false reports against plaintiffs for acts of which plaintiffs were innocent

and the failure to intervene and stop the wrongful and false assault, seizure, search, arrest, and

imprisonment of plaintiffs.. Defendants acts caused plaintiffs to suffer physical and emotional

injuries. Plaintiffs were released from the Kings County Criminal Court house at approximately

5:30 pm on December 24, 2016.

## THE PARTIES

3.      At all times hereinafter mentioned, plaintiffs, were and still are residents of the City

and State of New York.  Plaintiff George Risher  resides at 46 Edwards Street, Apt. 5F, Brooklyn,

NY 11205.  Lamar Butler resides at 45 Lott Avenue, Apt. 4D, Brooklyn, NY 11212.  Zaquan

Risher resides at 1650 Topping Avenue, Apt. 4E, Bronx NY 10457.   At all times relevant and

material herein, the defendant City of New York was and still is a domestic municipal corporation,

duly organized and existing under and by virtue of the Laws of the State of New York.

4.      At all times relevant and material herein, P.O. Maldonado, Sgt. DiMartino and John

and Jane Doe Police Officers 1-10 were employees of the New York City Police Department of the

City of New York.

2

5.      At all times relevant and material herein, the police officer defendants were personnel of the NYPD and of defendant City of New York.

## JURSIDICTION AND VENUE

6.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of The United States.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.SC. § 1983.  Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367.

8.      Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

9.      Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notices of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

10.      With regard to plaintiff George Risher, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on January 6, 2017.  A hearing pursuant to GML 50-H was conducted on March 22, 2017.

11.   With regard to plaintiff Lamar Butler, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on January 6, 2017. A hearing pursuant to GML 50-H was conducted on March 22, 2017.

12.   With regard to plaintiff Zaquan Risher, a Notice of Claim for false arrest, false imprisonment, battery, assault, malicious prosecution, violation of civil rights and related claims against the City of New York and the defendant police officers was filed on January 6, 2017. A hearing pursuant to GML 50-H was conducted on March June 16, 2017.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

13.   Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

14.   At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department, known as the NYPD, as part of and in conjunction with its municipal functions.

15.   The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

16.   P.O. Maldonado, Sgt. DiMartino and other police officer defendants were, at all times relevant hereto, employees of the NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of the NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

4

17.     Upon information and belief, the police officer defendants were graduates of the Police Academy of the City of New York.

18.     At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the police officer defendants, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

19.     In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, the police officer defendants in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

20.     At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

21.     At all times mentioned herein, the defendants' acts constituted state action.

22.     On December 23, 2016, the police officer defendants, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as plaintiff.

23.     At approximately 7:40 p.m., on December 23, 2016 the police officer defendants, members of the NYPD, forcibly entered 456 Dekalb Avenue, Apartment 6F, Brooklyn, NY 11205, the residence of their friend Julia DeJesus, screamed and cursed at plaintiffs, pointed firearms at plaintiffs, threatened plaintiffs, forced plaintiffs at gunpoint to lie on the floor of the

5

apartment,  forced plaintiffs into stress positions, verbally abused plaintiffs, assaulted plaintiffs

by illegally strip searching plaintiffs, and one officer stood on Plaintiff Zaquan Risher's hand as

Mr. Risher was being held at gun point, rear handcuffed plaintiffs and did so with excessive

tightness, held plaintiffs in stress positions, interrogating plaintiffs,  threatened plaintiffs,

attempted to coerce plaintiffs into becoming informants and in so doing caused physical, mental

and emotional injury to plaintiffs.

24.     At the time of the illegal forcible entry into 456 Dekalb Avenue, Apt. 6F,

Brooklyn, NY 11205 by the defendants,  plaintiffs were not engaged in any criminal behavior.

25.     After holding plaintiffs in handcuffs in a stress positions for a period of time and

ransacking the apartment, the defendant police officers forcibly transported plaintiffs to a police

precinct where plaintiffs  were strip searched again, fingerprinted, photographed,  and placed in

cells and held against their will for hours.

26.     Defendant P.O. Maldonado, Sgt. DiMartino and other police officers and their

supervisors thereafter caused plaintiffs to be transported to central booking.  Plaintiffs were strip

searched again, forced into holding cells and held against their will for another period of time

until they were released out a back door without ever being brought before a court..

27.      All of the above actions were committed by the defendants against plaintiffs

despite the fact that plaintiffs had committed no crime and without just, reasonable, lawful or

proper cause to seize, arrest, search, detain and prosecute plaintiffs.

28.     At no time herein did any plaintiff ever act in an unlawful or disorderly fashion.

At no time did plaintiffs act in any way, fashion or manner which justified the use of force in

pointing firearms at plaintiffs, forcing plaintiffs to the floor of the apartment, holding plaintiffs at

gunpoint, strip searching plaintiffs and thereafter handcuffing, arresting, and jailing plaintiffs.

29.     Plaintiffs suffered bruising and swelling to their bodies and knees, soreness and redness to their wrists, and Plaintiff Zaquan Risher sustained bruising, scrapes and substantial lingering pain to his hand, fingers and knuckles as the result of one of the police officers purposely standing on Mr. Risher's had.  Plaintiffs all also suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on them, strip search, and unlawful detention.  Plaintiffs will be required to receive medical treatment and psychological support for their trauma.  This has caused each plaintiff to be damaged in the sum of One Million Dollars ($1,000,000.00).

30.     Upon information and belief, the police officer defendants, and other officers, employees of the NYPD, wrongfully and improperly stopped, detained and arrested plaintiffs in violation of the fourth amendment of the Constitution, when, in fact, plaintiffs had committed no crime.

31.     Upon information and belief, the police officer defendants, and other officers, employees of the NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, searched, and arrested plaintiffs when it was not right, just, lawful, proper, or necessary to do so.

32.     Defendant police officers, employees of the NYPD, including the police officer defendants, and other officers, and their supervisors, acted in concert, maliciously and with intent to injure plaintiffs, and without just cause or any right to do so, by pointing fire arms at plaintiffs, forcing plaintiffs to lie on the floor of the location after being placed by defendants in overly tight handcuffs in stress positions and causing plaintiffs to be strip searched.

33.     The arrest of plaintiffs by the individual police officer defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

34.     Defendants acted maliciously and intentionally.

35.     Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the defendants, and were confined in various facilities of the NYPD, and defendant City of New York, including a police precinct and Central Booking.

36.     At the time of their unlawful seizure, plaintiffs were lawfully in 456 Dekalb Avenue, apartment 6F and were not violating any laws, nor committing any crime.

37.     The arrest charges against plaintiff were disposed of, in their favor, as the Kings County District Attorney dismissed the cases due to a lack of probable cause.

38.     As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

> Physical injury, embarrassment, humiliation, loss of liberty, anxiety, emotional distress and mental anguish.

39.     The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

40.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

41.     Defendants, acting in concert and under the color of state law, deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

42.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

43.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

44.     Upon approaching plaintiffs, forcing them at gunpoint to lie on the floor, screaming, cursing at and threatening plaintiffs, handcuffing, searching and arresting plaintiffs, the police officer defendants, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of death, and/or immediate harmful and/or offensive touching by, among other things, forcing plaintiffs to the ground at gun point, forcing plaintiffs to remain in uncomfortable stress positions and rear cuffing plaintiffs with excessively tightened hand cuffs.

45.     The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiffs' rights under the Constitution.

46.     The said assault and battery caused plaintiffs personal injury and damage, both physical and mental; and severe emotional distress and illness.

47.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

**THIRD COUNT**
**(PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT**
**UNDER COLOR OF STATE LAW)**

48.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

49.    The defendants arrested, detained and imprisoned plaintiffs without warrant or probable cause, even though they knew or should have known that plaintiffs were wholly innocent of any crime then and there alleged against them, and thus violated plaintiff's Constitutional rights.

50.    As a result thereof, plaintiffs claim damages for the injuries set forth above.

**FOURTH COUNT**
**(COMMON LAW ASSAULT)**

51.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

52.    The defendants are liable for assault to plaintiffs.

53.    As a result thereof, plaintiffs claim damages for the injuries set forth above.

**FIFTH COUNT**

**(COMMON LAW BATTERY)**

54.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

55.    The defendants are liable for battery to plaintiffs.

56.    As a result thereof, plaintiffs claims damages for the injuries set forth above.

**SIXTH COUNT**
**(COMMON LAW FALSE ARREST**
**AND IMPRISONMENT)**

57.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58.     The defendants are liable for false arrest and false imprisonment to plaintiffs.

59.     As a result thereof, plaintiffs claim damages for the injuries set forth above.

**SEVENTH COUNT**
**(COMMON LAW INTENTIONAL**
**INFLICTION OF EMOTIONAL DISTRESS)**

60.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61.     The defendants' conduct in screaming at plaintiffs, threatening plaintiffs at gunpoint, assaulting, battering and falsely seizing, detaining, searching, arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

62.     The defendants are liable for intentional infliction of emotional distress to plaintiffs.

63.     As a result thereof, plaintiffs claims damages for the injuries set forth above.

**EIGHTH COUNT**
**(NEGLIGENT INFLICTION OF**
**EMOTIONAL DISTRESS)**

64.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65.     The defendants' conduct, in assaulting, battering and falsely seizing, searching detaining, arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

66.    The defendants are liable for negligent infliction of emotional distress to plaintiffs.

67.    As a result thereof, plaintiff claims damages for the injuries set forth above.

## NINTH COUNT
### (COMMON LAW NEGLIGENCE)

68.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69.    The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning plaintiffs.

70.    Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

71.    As a result thereof, plaintiffs claim damages for the injuries set forth above.

## TENTH COUNT
### (FAILURE TO INTERVENE)

72.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

73.    The defendants are liable to plaintiffs for failing to intervene and stop the wrongful and unlawful entry into; and search of, 456 Dekalb Avenue, Apartment 8C, Brooklyn, NY, 11205 and for failing to intervene and stop the wrongful and unlawful assault, battery, seizure, search, detention and arrest of plaintiffs.

74.    Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

75.    As a result thereof, plaintiffs claim damages for the injuries set forth above.

12

## JURY DEMAND

76.     Plaintiffs demands a trial by jury.


**WHEREFORE,** plaintiffs, demand judgment against the defendants, jointly and

severally for compensatory damages on each Cause of Action in the amount of One Million

($1,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs

reasonable attorney's fees, costs and disbursements of this action; and granting such other and

further relief as this Court deems just and proper.


DATED: Brooklyn, New York
March 14, 2019

                                        Yours,


HAROLD BAKER, ESQ. (hb2179 )

By: _____
Harold C. Baker, Esq.,
Attorney for Plaintiffs George Risher, Lamar Butler and Zaquan Risher
32 Court Street, Suite 408
Brooklyn, New York
(718) 858-7927